Dion Mason
Name and Inmate Booking Number

L.C.C. 1200 Prison Rd.
Place of Confinement

Lovelock, NV 89419
Mailing Address
↓
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Dion Mason, Plaintiff

vs.

(1) DR. Kenneth Williams,
(2) DR. Yup (Dentist),
(3) S⁄C Few - unit officer,
(4) C⁄O Pyle - unit officer,
(5) James Dzurenda Direc.,
(6) S⁄C Jones Defendant(s).
(7) L.B.I. (AKA) - LAPuz-Belisle
(8) THE STATE OF NEVADA
(9) Ramirez C⁄O Chow Hall

Case No. _____
(To be supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT BY AN INMATE**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

☑ Jury Trial Demanded

A. **JURISDICTION**

1) This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
   ☑ Other: NRS 41.031, 41.0337 - THE STATE OF NEVADA

2) Institution/city where Plaintiff currently resides: L.C.C. 1200 Prison Rd Lovelock NV

3) Institution/city where violation(s) occurred: L.C.C. 1200 Prison Rd Lovelock NV 89419

1.

(10) JOHN &/OR JANE DOES-CONTRACTORS OF/FOR NDOC, AS AROMARK FOOD & FOOD PRODUCTS, TO INCLUDE BEVERAGES IF APPLICABLE.

    Plaintiff Request the Right To Replace the John and or Jane DOES WITH THE CORRECT BIOLOGICAL NAMES OF THE AROMARK LIABLE CONTRACT MEMBERS FOR THE NEVADA DEPARTMENT OF CORRECTIONS, ONCE DISCOVERED.

## B. DEFENDANTS

1. Name of first Defendant: Dr. Kenneth Williams. The first Defendant is employed as: The Medical Director IF NDOC (Position of Title) at 5500 Snyder Ave Bldng 17-NDOC (Institution)

2. Name of second Defendant: Dr. Yup. C. The second Defendant is employed as: LCC's Dentist (Position of Title) at Lovelock Correctional Ctr (Institution)

3. Name of third Defendant: SC/o Few. The third Defendant is employed as: SC/o/Senior Corr. officer (Position of Title) at Lovelock Correctional Ctr. (Institution)

4. Name of fourth Defendant: Correctional Officer (Pyle). The fourth Defendant is employed as: Correctional Officer (Position of Title) at Lovelock Correctional Center. (Institution)

5. Name of fifth Defendant: James Dzurenda. The fifth Defendant is employed as: Director of NDOC (Position of Title) at Lovelock Correctional Cntr. (Institution)

6. Name of sixth Defendant: SC/o Jones. The sixth Defendant is empld. as: Senior Correctional officer at Lovelock Correctional Center.

7. Name of seventh Defendant: (LBI) LaPuz Belisle. The seventh Defendant is employed as: Sergeant and or Lieutenant at Lovelock Correctional Center.

8. Name of eighth Defendant: Dr. Yup et al. The eighth Defnt. is employed as Dentist, C/o & Administration at Lovelock Corr. Ctr. And NDOC.

9. Name of Ninth Defendant: C/o Ramirez. The Ninth Defendant is employed as Correctional Chow Hall Officer at Lovelock Correctional Center as the Chow Hall officer, inspecting food trays at the Window.

10. Name of Tenth Defendant: John or Jane Does. The Tenth Defnt employed as AROMARK CONTRACTORS FOR NDOC, AROMARK HEADQUARTERS.

## NATURE OF THE CASE

On 01/17/2023 while commencing to consume my evening dinner meal at the L.C.C's Phase two chow hall, I unfortunately took in a sharp white piece of plastic, which I almost swallowed, had the plastic object not stabbed me in my throat, I Requested medical attention from the chow hall officer(s) and was met with a denial to my request for medical treatment. Plaintiff suffered pain, inability to properly consume food for days. The (NDOC) defendants further denied me medical dental treatment subjected me to a denial and delay of serious medical needs, which led to deliberate indifference/cruel and unusual punishment, defendants were made known and continued to violate my 8th Amendment, + medical neglected me.   2. AROMARK is NDOC's Food Contr...

4

1. Claim-1- Defendants, (Dr. Williams) Chowhall
2. officer of the day in question (Ramirez) and the
3. Arrowmark food Contractor and or Representa-
4. tives of the L.C.C.'s Culinary Chow Hall, named
5. here temporarily as John and or Jane Does
6. until names are discovered violated my
7. Eighth 8Th Amendment Rights against Unsafe
8. Prison Conditions, and denial and delays of
9. Medical Care, Deliberately Indifferent to
10. my Medical need and subjection of Wonton
11. Infliction of Pain. [Defendants were made
12. aware that I had injured myself, or rather Plaintiff
13. was injured, when I swallowed a sharp hard
14. Piece of Plastic that was served in my food
15. tray Presented in the Phase II Chow hall serving
16. line on (November/17/2024) at approximately (4:25(-
17. to 4:30 PM. The Piece of Plastic became stuck in
18. my throat Causing me to gag up bread along
19. with the hard Piece of Plastic. I spoke with the
20. Chow hall officer, Defendant (Ramirez) whom was
21. responsible for the food on the trays being
22. monitored as they arrived on the Conveyor belt
23. and Picked up by inmates at the window. I
24. reported the Injury and Incident to defendant
25. (Ramirez) whom stated ("I quote") [What Do You Want
26. me to do about it? I'm not a nurse or Medical Dr.]
27. ("unquote"). Plaintiff stated, "I need medical
28. attention. I Presented, kites, grievance for Emergency-

3

1. to medical, floor officers and the (Defendant) Williams
2. himself. Plaintiff's exercise of due diligence to receive
3. medical attention for the serious injury to his throat
4. due to being stabbed by the hard piece of plastic that
5. was in his food from the dinner tray, and the ongoing
6. pleading for medical attention from Lovelock Correctional
7. Center's Medical Provider for dental work (Defendant YUP) and
8. or request for an outside orthodontist were to no avail.
9. Defendant Williams was also practicing medicines as
10. the NDOC's Medical Provider and was called out by the
11. Nevada Board of Medical Examiners, and the Attorney
12. General's office appears to try to cover it up by
13. claiming they didn't have jurisdiction. ~~Defendant~~ Dr.
14. Dana Marks, and certain nurses claimed that the
15. (defendant) Kenneth was the reasons behind the
16. denials and delays for my serious medical needs and
17. other inmates. Their concerns were if they had to
18. be certified and or liscensed to practice medicines, he
19. should be subjected to the same rules and regulations.
20. Defendant Williams failed to draw the necessary
21. inferences to order and or approve for his subordi-
22. nates to carry out the necessary medical procedures
23. to remedy Plaintiff's serious medical needs by
24. providing medical treatment for Plaintiff's throat
25. and following up with therapy, because every since
26. that incident with my throat due to swallowing
27. food that contained the hard plastic that stuck
28. me in the throat and caused bleeding, I haven't-

3a

1. been able to properly swallow my food without
2. the sensation of a burning sensitive irritation,
3. and an overwhelming feeling and or urge to gag.
4. Defendant Williams further denied and delayed
5. me medical care by failing to draw the necessary
6. inferences and order and or approve that defendant
7. Dr. Yup to carry out the necessary medical treatment
8. and care for Plaintiff's teeth and gum infections.
9. Plaintiff suffered severe tooth pain with abscess
10. along the gumline which started turning septic. Plaintiff's
11. mouth started smelling extremely foul regardless
12. of brushing. Plaintiff's gumline was extremely
13. sore and irritated and there was no way that
14. Plaintiff could floss his gum and or between
15. the gumline because the pain was too extreme.
16. Defendant Williams's actions and inactions
17. rose to the level of deliberate indifference/
18. cruel and unusual punishment and the wanton
19. infliction of pain. Plaintiff suffered extreme
20. embarrassment from day to day because other
21. fellow inmates would smell this foul and putrid
22. odor coming from my mouth. This caused Plaintiff
23. to endure extreme headaches, stress along with
24. the tooth pain and abscess. Plaintiff could not
25. sleep healthy for months and lost weight due
26. to a lack of appetite, because of the ongoing
27. pain and suffering from the abscess and irritations
28. of Plaintiff's throat due to the hard plastic that—

1  stabbed and injured Plaintiff". Ramirez et al- subjected me
2  to unsafe prison conditions, and denial of medical care.
3  **CLAIM-TWO:** Doctor YUP violated my 8th
4  Amendment right to be free from denials and delays
5  of medical care to my serious medical needs and
6  my right to be free from deliberate indifference,
7  cruel and unusual punishment and subjec-
8  tion to the wanton infliction of pain and suffering.
9
10  Plaintiff presented many request to the L.C.C.'s
11  Medical department/infirmary for medical request
12  and attention relevant to Plaintiff's need for serious
13  Medical attention to his abscessed tooth and
14  medication for the infections and serious pain.
15  Plaintiff verbally spoke with the nurses at pill
16  call window pleading for them to please schedule
17  me to see the dentist Dr. YUP or an outside
18  orthodontist. Only promise after promise was
19  made, after several attempts to no avail, I was
20  told to put in a medical kite. Finally on [February/
21  15/2025], Plaintiff presented a DOC 2500 Medical
22  Kite and Service Report requesting medical care.
23  Defendant YUP received and stamp filed the Medical
24  Kite on [February/15/2025], but sent no response.
25  Plaintiff explained to defendant YUP in the Medical
26     Kite that he was having agonizing, throbbing
27     tooth/teeth pain that was resonating throughout
28     the entirety of his mouth and face. The pain-

1  was so harsh it seem to be shooting behind
2  my left eye. Plaintiff begged to be seen expeditiously
3  to no avail. Plaintiff reiterated the fact that he
4  was never seen from a previous medical request
5  which had been approximately forty two (42)
6  calendar days before presenting another kite
7  on (02/15/2025). Plaintiff had to suffer this on-
8  going pain and suffering and ongoing empty promises
9  by Medical Nurses and defendant Yup. After the
10 tooth started affecting other teeth, causing me
11 to bite the inside of my Jaw causing even
12 further physical damages drawing blood. Plain-
13 tiff's tooth started deteriorating, causing
14 sharp Jagged edges to pierce my tongue and
15 Jaw tissue. In a medical kite dated May/4/2025,
16 Plaintiff begged defendant Yup to please remove
17 the damaged tooth. Defendant Yup responded
18 with an underlining response that reflects un-
19 necessary sarcasm. "Nonetheless", Plaintiff finally
20 had to file an Emergency Grievance on (8/8/2025)
21 against my desire because administration hate
22 it when inmates file Emergency grievances. Plaintiff
23 filed the Emergency Grievance as implied in
24   defendant Yup's Response on (5/5/25),"
25   Medical kite and Service Report. This was
26   and Could be construde as a mandated
27   Medical order and or Suggestion by
28   "Defendant" Doctor Yup, whom said and or-

1  stated in the Medical Report - Doc 2500 - dated
2  (5/4/2025). "Quote" from (Defendant), Dr. C. Yup, [ You were ]
3  given the response, If you felt your situation was
4  an emergency that warrants you being treated/
5  seen ahead of others waiting with the same
6  problem, to contact my unit officer. Plaintiff is
7  not sure what Defendant Yup was trying to say
8  and or establish there, but it only displays
9  that Defendant Yup was made known of my serious
10 medical needs, denied and delayed my serious
11 medical needs and caused me to be subjected
12 to deliberate indifference cruel and unusual punish-
13 ment and the wanton infliction of pain. Defendant
14 Yup's denial and delay has cause my gumline
15 and or jaw bone to absorb the dangerous infections
16 from the abscess and has since then caused
17 my other teeth to be susceptible to cavities
18 and unwanted foul breath due to cavities caused
19 by the failure of Defendant Yup to properly
20 clean and or timely fix Plaintiff's teeth. I
21 asked Dr. Yup about cleaning my teeth and
22 giving me a rootcanal, due to my young age
23 I would like to save my teeth. Defendant
24 Yup told me that she do not do cleanings and
25 rootcanal work here at Lovelock Correctional
26 Center. AR 631 Policy, no fillings, extractions only
27 which violates Plaintiff's 8Th and 14th Amend-
28 -ment. When it causes a denial and delay to Med.Care.

1  <u>CLAIM-3-Defendant's Few, Pyle, Jones,</u>
2  <u>La Puz Belisle (AKA)(LBI), Dr. Kenneth Williams</u>
3  <u>and Director Dzurenda. All Violated my [8th]</u>
4  <u>Amendment right to be free from denials and</u>
5  <u>delays of Medical Care, Deliberate Indifference/</u>
6  <u>Cruel and unusual Punishment, and Subjection</u>
7  <u>to the Wonton Infliction of Pain and Suffering.</u>
8
9    Defendant Few is the senior correctional officer
10 whom were on duty, along with Correctional
11 officer Pyle, defendant Few and defendant Pyle were
12 the unit officers on duty when I complained to
13 the floor officer Pyle that I was in need of an
14 emergency grievance. I explained to officer Pyle
15 that I've been in extreme pain for many many months
16 due to my serious Medical need for a dentist. I told
17 officer Pyle that I had Put in several Medical Kites
18 Pleading for a need for medical treatment to no
19 avail, and that the L.C.C. Dentist Dr. Yup sent
20 back a response stating that I was on a long
21 waiting list. Defendant Pyle stated You'll just have
22 to wait then, I'm not the doctor, I don't schedule
23 inmate appointments. I explained to Pyle that my
24 mouth was swollen due to an abscess, which has
25 occurred on and off many times, But this time is
26 the longest that it has ever stayed, and now my
27 mouth smells extremely bad and I can see and
28 taste blood and pus, I haven't been able to eat-

1. or sleep adequately for several days, and for
2. some reason I almost passed out twice. Pyle
3. said, I don't know what to tell you. Pyle had a
4. duty to go up the chain of command to get the
5. medical care that I needed. The situation was
6. turning septic and I could have died from blood
7. poisoning. Pyle fail to draw the necessary and
8. much needed inferences to get me the Dental
9. Medical care I needed. I made my serious medical
10. need known to officer Pyle and officer Few and
11. they both ignored my serious medical need.
12. Defendant Pyle was the floor officer and Few
13. was the bubble officer at Unit 3 on Phase
14. two. I told the officers that I felt like I needed
15. to (mandown). I was denied the (mandown) and was
16. told that I would have to be incapacitated. "Finally",
17. I again pleaded with defendant Few senior officer
18. and Pyle for an emergency grievance, because the
19. pain was so bad, I could not eat, sleep and I had
20. become dehydrated really bad and was later told
21. by medical that was probably the reason I almost
22. fainted/passed out twice due to the pain and
23. dehydration. I was issued an emergency grievance
24. finally. I filled out the grievance and presented
25. it to senior correctional officer Few, whom read
26. it. Defendant Few then told me that administration
27. is going to rule this as a non emergency. Then he
28. presented the emergency grievance to defendant—

5a.

1. PMe to take to Operations on (8/8/2025) at 7:40 PM.
2. Defendant Jones was the night officer on duty
3. with defendant and acting night Sergeant
4. LaPuz Belisle (LBI) defendant. Defendant Jones
5. reviewed DOC Form-1564 dated (8/8/2025) at
6. 7:52 PM. Defendant (LBI), as the acting (SGT)
7. Claimed that Plaintiff's Medical issues were
8. not an emergency. Date of Response was on (8/8/25)
9. at (8:35 PM). Plaintiff did not receive the response
10. back until approximately almost four hours
11. later at 11:20 PM form DOC-1564. Plaintiff had
12. to continue suffering from agonizing pain,
13. issues that are considered; afflicting, bitter, cruel,
14. excruciating, galling, grievous, harsh, torturous.
15. These are a few of the actions and inactions I
16. had to suffer at the mercy of all involved defendants.
17. Defendant Jones was the officer whom delivered the
18. grievance back to me and scold me, telling me
19. its inmates like me whom clog up the system
20. with their nonsense. Defendant Jones and LBI
21. Could have drawn the necessary inferences to
22. Call in the Defendant Dr. Yup or called Carson City
23. [NVDOC] and request Emergency dental care for
24. Plaintiff, but chose to let me suffer, which is
25. as history reflects and according to some of the
26. decent Correctional officer whom maintain a level
27. of Moral Integrity is a known fact that the Medical
28. to include **dental** and **eyes** department actions—
    sb

1  and behaviors towards inmates are morally
2  wrong and evil. Defendants Kenneth Williams
3  is the Medical Director of [NDOC] and whom
4  was practicing without a medical license at
5  [NDOC] for a time span, and were still making
6  medical decisions and according to LCC's own
7  medical staff Defendant Williams was the over-
8  all reasons Plaintiff and a huge variety of other
9  inmates are being denied Medical Care and being
10 denied and delayed. Defendant Williams was
11 made known in grievance number 2006-31-76842,
12 Medical Kites, Emergency grievance and Inmate
13 request kites, But still fail to inform his Medical
14 Subordinates to treat Plaintiff's serious medical
15 needs. Defendant (Yup) and other Medical subor-
16 -dinates are submissive to and controlled by
17 defendant Williams authority. Defendant James-
18 Dzurenda is the Director of [NDOC] and responsible
19 for the employing of Defendant Kenneth Williams.
20 Defendant Dzurenda was made aware of defendant
21 Williams actions in denying Plaintiff medical
22 care. Defendant Dzurenda was also notified by
23 the board of Medical Examiners that Defendant
24 Williams was practicing without a medical license
25 and was making medical decisions such as denying
26 Plaintiff's request to be seen by Dr-Yup or an
27 outside specialist. As stated in a declaration
28 by Erin Parks [DON] to the Attorney Generals office-

1  In Case number 3:21-cv-00197-ART-CSD <u>Velez V.</u>
2  <u>Minev</u>- There are Medical Records and notes ie.
3  (Inmate request kites) Medical kites, Emergency Medical,
4  grievance and grievances kept by the Utilization Review
5  Panel [URP] maintained by [NDOC] and [LCC] as they
6  relate to offenders housed within [NDOC]. Defendant
7  Dzurenda is aware of Defendant Williams and
8  other Medical employees actions and required
9  to know what goes on within the Medical depart-
10 ment and with Williams and or the Medical Director.
11 Defendant Dzurenda's knowledge and awareness
12 of his Subordinate's actions and inactions to Violate
13 the Constitution (8th) Amendment and denying
14 Medical Care to Plaintiff's Serious Medical
15 needs, and Defendant Williams illegal Medical
16 Practice, and the fact that Defendant Dzurenda
17 is the Policy Maker of the Medical Directives
18 for (NDOC), Moreso, holds Defendant Dzurenda
19 responsible for the denial and delay of Plaintiff's
20 Serious Medical needs, Deliberate Indifference/Cruel
21 and unusual Punishment, and subjection to the
22 Wanton infliction of Pain. <u>Baldwin V. Johnson,</u>
23 2007 U.S. Dist. LEXIS 51301 - The Director is
24 responsible in his individual capacities for the
25 Contract with Prison health services at the Prison
26 and or within NDOC and outside Providers,
27
28

### E. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated?   ☐ Yes   ☒ No

2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?   ☐ Yes   ☒ No

3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"   ☐ Yes   ☒ No

### F. REQUEST FOR RELIEF

I believe I am entitled to the following relief: $125,000,000 Monetary Damages, $500,000 for Punitive damages.

Declaratory Judgment As To Existing Law as to relevant 8th Amendment Violations

Injunctive Relief, Ordering the Director of NDOC to implement Medical Policies allowing Medical treatment that's deemed serious to be executed with the Utilization Panel including Outside Medical Providers or at least make speedy treatment decisions (eatimately).

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____     _____/s/_____
(name of person who prepared or helped     (signature of plaintiff)
prepare this complaint if not the plaintiff)

                                                      11·17·25
                                                      (date)

### ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

6